KENNEDY, appellant, v. SIMMONS.

*Provisional remedies — power of county judge to grant order of arrest — statutory construction — Code, § 401.*

The place of trial of an action was Onondaga county, and plaintiff's attorney resided there. An order of arrest against defendant was granted by the county judge of Cortland county. *Held* (following *Webber* v. *Bailey*, 9 Alb. Law Jour. 276), that the order was properly granted. The provision of Code, § 401, subd. 3, that orders made out of court may be made by a judge of the county where the action is triable, or in which the attorney for the moving

party resides, is an enlargement of the powers of a county judge and does not qualify or restrict the express powers conferred upon county judges in respect to provisional remedies.

APPEAL from an order of the special term setting aside an order of arrest granted by the county judge of Cortland county.

The action was brought in Onondaga county by Dennis Kennedy and two others against William M. Simmons, to recover the amount of a promissory note. The attorneys for the plaintiffs resided in Onondaga county. After the action was commenced upon an *ex parte* application by plaintiff's attorney, the county judge of Cortland county granted an order of arrest directing the sheriff of Cortland county to arrest defendant and hold him to bail in a specified sum. Upon this order defendant was arrested. The order was upon the motion of defendant set aside by the special term of the supreme court upon the ground that the county judge of Cortland county had no jurisdiction to grant the order of arrest for the reasons that he was not the judge of the county where the venue was laid, of that where the action was triable, or of that where an attorney for the moving party resided.

No point was raised as to the sufficiency of the affidavits, and the only question upon which the appeal was taken was as to the jurisdiction of the county judge to grant the order.

*Fuller, Vann & Brooks*, for appellants.

*Bouton & Champlin*, for respondent.

E. DARWIN SMITH, J. It appears from a stipulation made by the attorneys for the purpose of this appeal, and from the opinion of the learned judge at special term, that the order of arrest was set aside upon the sole ground that the place of trial of said action being in the county of Onondaga, and the plaintiff's attorney also residing in that county, the county judge of the county of Cortland had no jurisdiction or authority to grant such order of arrest — conceding that such order was made upon affidavits duly presented to such judge containing sufficient grounds therefor upon the merits.

The order at special term was doubtless based upon the construction of subdivision 3 of section 401 of the Code, which provides that orders made out of court, without notice, may be made by any

judge of the court in any part of the State, and they may also be made by a judge of the county where the action is triable, or by the county judge of the county in which the attorney for the moving party resides.

This provision, we think, is an enlargement of the powers of the county judge, and applies to the general and ordinary class of orders made in the progress of a cause, and was not intended to qualify or restrict the express powers conferred upon county judges in respect to provisional remedies.

The power to grant injunctions, orders of arrest, and attachments, is conferred upon the county judges in as clear and explicit language as upon the judges of this court, and is equally unqualified in sections 218, 220, 223 and 225, in respect to injunctions; in section 228 in respect to attachments, and in section 180 in respect to orders of arrest.

This construction of the powers conferred upon the county judges in respect to provisional remedies was in principle asserted and adopted by the commission of appeals in the case of *Webber* v. *Bailey*, reported in the abstract of the decisions of that court, published in 9 Alb. Law Jour. 276. That was a case where, under like circumstances, as in this case, an attachment was granted by the county judge of Chautauqua county in an action where the venue was in Cattaraugus county, and the plaintiff's attorney also resided in the last-mentioned county.

It was expressly held in that case, that the powers given to a county judge to issue writs of attachment in actions in this court, by section 228 of the Code, is not restricted to cases to be tried in his county.

That case we consider decisive of the question presented upon this appeal, and the order of the special term must therefore be reversed.

*Order reversed.*